UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| NATHAN D. EVANS<br><br>        Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.; et al.,<br><br>        Defendants. | 3:12-cv-0057-LRH-VPC<br><br>**ORDER** |

Before the court is defendant Quality Loan Service Corporation's ("QLS") motion to dismiss (Doc. #5[1]) to which defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Federal National Mortgage Association ("Fannie Mae") joined (Doc. #6). Plaintiff Nathan D. Evans ("Evans") filed an opposition (Doc. #10) to which QLS replied (Doc. #11).

Also before the court is defendants MERS and Fannie Mae's motion to expunge lis pendens. Doc. #7.

**I.     Facts and Procedural History**

In April, 2006, Evans purchased real property through a mortgage note and deed of trust originated by defendant First Magnus Financial Corporation ("First Magnus"). Eventually, Evans defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

---
[1] Refers to the court's docket entry number.

Subsequently, Evans filed a complaint against defendants alleging two causes of action: (1) unlawful foreclosure - violation of AB 284; and (2) unlawful foreclosure - loan modification. Doc. #1, Exhibit A. Thereafter, QLS filed the present motion to dismiss. Doc. #5.

**II.  Legal Standard**

QLS seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

2

1 *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)
2 (internal quotation marks omitted). The court discounts these allegations because "they do nothing
3 more than state a legal conclusion—even if that conclusion is cast in the form of a factual
4 allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to
5 dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be
6 plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.   Discussion**

    **1.   AB 284**

In his complaint, Evans alleges that defendants did not comply with the recent amendments to Nevada's recording statute, AB 284. *See* Doc. #1, Exhibit A.

The court has reviewed the documents and pleadings on file in this matter and finds that Evans fails to state a claim for relief for a violation of AB 284. The recent amendments to Nevada's recording statute, AB 284, which requires all assignments of the deed of trust to be recorded, only applies to assignments and foreclosures occurring on or after October 1, 2011. Here, it is undisputed that the underlying foreclosure, along with the filing of the notice of default and all assignments, commenced in, or prior to, July, 2010. Thus, AB 284 does not apply to the underlying foreclosure.

    **2.   Loan Modification**

In his complaint, Evans also alleges that defendants are precluded from pursuing the underlying non-judicial foreclosure because the parties are engaged in a loan modification. *See* Doc. #1, Exhibit A. However, there is no contract language requiring defendants to enter into a loan modification with Evans. Further, Evans has not alleged that defendants represented that the pending foreclosure would be postponed while he filled out his loan modification application or while it was being considered by defendants. Finally, Evans has failed to establish the existence of any loan modification or alleged any language in the loan modification that prevented defendants

1  from initiating the non-judicial foreclosure. As such, defendants were under no obligation to stop
2  the underlying non-judicial foreclosure proceedings. Accordingly, the court shall grant QLS's
3  motion to dismiss.

5  IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #5) is
6  GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.

7  IT IS FURTHER ORDERED that defendants' motion to expunge lis pendens (Doc. #7) is
8  GRANTED. Defendants Mortgage Electronic Registration Systems, Inc. and Federal National
9  Mortgage Association shall have ten (10) days from entry of this order to prepare an appropriate
10 order expunging the lis pendens and submit the same for signature.

11 IT IS SO ORDERED.
12 DATED this 4th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE